1
2
3
4
5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

SAN JOSE DIVISION

8

9
ANTOINETTE JARDINE-BYRNE,

Plaintiff,

Case No.  5:16-cv-03253-EJD

10

v.

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

11

12
SANTA CRUZ COUNTY, et al.,

Re: Dkt. Nos. 19, 29

13

Defendants.

14        Antoinette Jardine Byrne ("Plaintiff") brings this action against Santa Cruz County

15 ("County"), the County of Santa Cruz Board of Law Library Trustees, and individuals library

16 employees Renee Fleming and Julia Hill ("Library Defendants"), alleging various violations of her

17 federal and state constitutional rights arising from the suspension of her after-hours access to the

18 Santa Cruz County Law Library.  See Dkt. No. 1 ("Compl.") at ¶¶ 1-8.  Plaintiff asserts six causes

19 of action that she identifies as follows:

20        1.   "Petition for Writ of Mandate, C.C.P. §1085;"

21        2.   "Violation of Constitutional Rights Title 42 Section 1983 Retaliation for Exercise of

22             First and Fourteenth Amendment Right to Petition Government for Redress of

23             Grievance;"

24        3.   "Violation of Substantive and Procedural Due Process Due Process Clause of

25             Fourteenth Amendment to U.S. Constitution Violation of Brown Act and Bagley-

26             Keene Acts;"

27        4.   "Denial of Fourteenth Amendment Equal Protection Title 42 Section 1983;"

28

United States District Court
Northern District of California

1    5.   "Violation of State Constitutiona1 Rights Bane Act CCP 52.1 (b);" and

2    6.   "Preliminary and Permanent Injunction Relief"

3    See Compl. at ¶¶ 33, 37, 46, 52, 55.   Presently before the court are separate motions to dismiss

4    brought by the County and the Library Defendants.  Dkt. Nos. 19, 29.

5         Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  These

6    matters are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

7    Accordingly, the hearing scheduled for March 23, 2017, is VACATED.  After carefully

8    considering Plaintiff's allegations and the papers submitted by both parties in this matter, the court

9    finds the defendants' motions well-taken.  Accordingly, the court will grant dismissal for the

10   reasons explained below.

## I.   BACKGROUND

12        Plaintiff is a resident of Santa Cruz County who had been granted after-hours access to the

13   Santa Cruz County Law Library (the "Library") since 2007.  Comp. at ¶ 19.  However, Plaintiff's

14   after-hours access was suspended by Library employees on March 21, 2016.  Id. at ¶ 10. Though

15   the pleading lack clarity, as the court understands the allegations, the incident that resulted in

16   Plaintiff's suspension is as follows.

17        On the evening of March 17, 2016, Plaintiff brought a personal "office instrument" – a

18   scanner – into the Library.  Id. at ¶¶ 13-14.  Plaintiff contends that this was the first time she had

19   ever brought such an instrument to the Library, and that she did so for safekeeping so that it would

20   not get stolen from her vehicle.  Id. at 14.  An unnamed Library employee then reported that

21   Plaintiff used the scanner at the Library that night.  Id. at ¶ 13.  Defendant Renee Fleming

22   ("Fleming"), the librarian at the Law Library, then suspended Plaintiff's after-hours access,

23   explaining that Plaintiff's alleged use of a personal scanner in the Library "boke library rules."  Id.

24   at ¶¶ 4, 10, 16.  Plaintiff maintains that she never used the scanner while at the Library.  Id. at

25   ¶ 13.  Fleming left Plaintiff a voicemail informing her of the suspension of her after-hours access

26   on March 21, 2016.  Id. at 10.

27        Plaintiff's regular access to the Library during daytime hours was unaffected by the

28
2
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  suspension.  However, Plaintiff asserts that daytime hours are "not conducive to a pro se" due to

2  increased demand for resources, high volume of patrons, and increased noise and interruptions.

3  Id. at ¶ 19.  She contends that this is inconvenient for her as a pro se litigant because she has

4  numerous pending cases, the legal demands of which require after-hours access to the Library.  Id.

5  Plaintiff then requested and/or indicated her desire to appeal her suspension to the Santa

6  Cruz Board of Law Library Trustees (the "Trustee Board").  Id. at ¶ 22.  Although Plaintiff alleges

7  she did not receive "notice nor agenda" of the Board Meeting, on April 29, 2016, Plaintiff

8  appeared at the Meeting to contest the suspension of her after after-hours library privileges.  See

9  id. at ¶¶ 24, 25, 26, 31, 33, 34, 40.  The Board denied Plaintiff's appeal and informed Plaintiff of

10  the decision by mail on June 4, 2016. Id. at ¶ 31.  Plaintiff filed the instant action on June 13,

11  2016.  See Dkt. No. 1.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

14  Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

15  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

16  it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

17  The factual allegations "must be enough to raise a right to relief above the speculative level" such

18  that the claim "is plausible on its face."  Id. at 556-57.  A complaint which falls short of the Rule

19  8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R.

20  Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

21  cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v.

22  Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

23  When deciding whether to grant a motion to dismiss, the court must generally accept as

24  true all "well-pleaded factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court

25  must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United

26  States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a

27  legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

28

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1        Also, the court generally does not consider any material beyond the pleadings for a Rule

2   12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19

3   (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or

4   relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los

5   Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

6       **B.  Pro Se Pleadings**

7        Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be

8   construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court

9   "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

10  every reasonable or warranted factual inference in the plaintiff's favor."  McKinney v. De Bord,

11  507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the

12  frequently diffuse pleadings of pro se complainants."  Id.  A pro se complaint should not be

13  dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in

14  support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 521

15  (1972).

16  **III.  DISCUSSION**

17      **A.  The County of Santa Cruz Motion to Dismiss**

18       The County of Santa Cruz moves to dismiss Plaintiff's Petition and Complaint on the

19  grounds that the County is not a proper defendant in this case because the Law Library is not a

20  County body, entity, division, or department, and its employees and Trustee Board members are

21  not County employees.  Dkt. No. 19 at 2.  Even if it was a proper defendant, the County moves to

22  dismiss on the alternative basis that Plaintiff fails to state a claim under Federal Rule of Civil

23  Procedure § 12(b)(6).  Id. at 3.  The court agrees with the County and will grant its Motion to

24  Dismiss for the reasons explained briefly below.

25       Pursuant to the California Business & Professional Code, law libraries may be established

26  in each county in accordance with state law and governed by a Board of Law Library Trustees.

27  Cal. Bus. & Prof. Code § 6300 ("There is in each county of this State a board of law library

28

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  trustees, which governs the law library established for the county under the provisions of this

2  chapter"); see also  Bd. of Law Library Trustees of Los Angeles Cty. v. Lowery, 67 Cal. App. 2d

3  480, 481 (1945) "(Law libraries are established pursuant to state law [citation].  This chapter of the

4  code provides for a board of law library trustees in each county of the state.") (citing §§ 6300 to

5  6307).  The Trustee Board "may make and enforce all rules, regulations, and by-laws necessary

6  for the administration, government, and protection of the law library, and of all property belonging

7  thereto, or that may be loaned, devised, bequeathed, or donated to it."  Cal. Bus. & Prof. Code §

8  6343; Lowery, 67 Cal. App. 2d at 482 (explaining that the Trustee Board has the "powers to

9  promulgate rules, to purchase books, to pay salaries, to advance funds, and to do all necessary

10  things to carry on the functions of the law library.").

11          In California, law libraries were created by an act of the State Legislature in 1891 entitled

12  "An Act to Establish Law Libraries," which was adopted by Santa Cruz County in 1896 through

13  Ordinance No. 126.  See Def. County's Request for Judicial Notice ("RJN"), Ex. 1, Dkt. No. 20-

14  1.[1]  The Ordinance also established the library's Trustee Board to "govern and manage the law

15  library…" Id.

16          While challenging to decipher with clarity, Plaintiff's position appears to be that the

17  County is responsible for the conduct of the Law Library and its employees through the doctrine

18  of vicarious liability.  See Dkt. No. 36 at 4-6.   In opposition to the County's Motion, Plaintiff

19  argues that the Law Library is part of the County because it receives a majority of its funding from

20  California Superior Court filing fees.  Id. at 6.  Plaintiff contends that the law librarian, Defendant

21  Fleming, is supervised by California Superior Court employee Sasha Morgan.  Plaintiff concludes

22  from this that the County is vicariously liable for Fleming's conduct because she is a "shared"

23  employee with the Superior Court.  See id. at 6-7.  This argument is misplaced.  Plaintiff position

24  is based on the incorrect assumption that the Superior Court is part of the County, making the

25  County vicariously liable for the actions of court employees.  However, like the Law Library, the

26

27  [1] The County's Request for Judicial Notice (Dkt. No. 20) is GRANTED to the extent referenced in
this Order.

28                                                            5
Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    Superior Court is a separate entity from the County.[2] Accordingly, the fact that the Law Library

2    receives funding from Superior Court filing fees does not render it a County body.  The County is

3    not vicariously liable for the actions of employees of other public, non-County entities.  See

4    Government Code §§ 811.4, 815.2.

5         Second, Plaintiff contends that because the Trustee Board may enter into contracts with the

6    County, the County is presumptively vicariously liable for the conduct of the Law Library and its

7    employees.  Dkt. No. 36 at 8.  This argument is also incorrect.   Sections 6348.6 and 6348.7 of the

8    California Business & Professional Code provide: "The Trustee Board may enter into contracts

9    with the County or enter into a joint exercise of powers agreement with a County."  But as the

10   County explains, if the Law Library or Trustee Board were in fact County entities as alleged,

11   "there would be no conceivable need for statutory language expressly allowing it to contract with

12   itself."  Dkt. No. 19 at 5, n 5; Dkt. No. 40 at 6 ("The fact that Legislature deemed it necessary to

13   expressly authorize the Law Library Trustee Board to enter into contracts with the County,

14   necessarily means that Law Library is not a part of the County.").  Additionally, Plaintiff does not

15   actually allege that a contract between the Library and the County existed in this case, and

16   vicarious liability is not applicable simply by virtue of an entity's ability to contract with the

17   County.

18        Based on the foregoing, the court finds that the Law Library is a separate and distinct

19   public entity from the County.  See Lowery, 67 Cal. App. 2d at 482 ("Thus it appears that the law

20   library is set up as a separate entity for a public purpose with appropriate powers for its conduct as

21   such, and that the law library fund is a separate fund to be used for the benefit of the law library.");

22   see also Government Code § 811.2.  Each of Plaintiff's causes of action arise from her allegations

23   that her after-hours access to the law library was improperly suspended by the law librarian and

24   her appeal of that suspension was wrongly denied by the Trustee Board.  See Dkt. No. 1.

25   Plaintiff's Complaint makes no distinct allegations of wrongdoing against the County separate

26

27   _____

     [2] Superior Court is part of the judicial branch of the State of California.

28   Case No.: 5:16-cv-03253-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

from the conduct she attributes to the Law Library and its employees.  Accordingly, the court finds that the County is not a proper defendant to this action and GRANTS the County's Motion to Dismiss in its entirety.  Because no amendment to the pleadings will make the County a proper defendant to the claims raised in this action, all causes of action against the County are dismissed WITH PREJUDICE.  See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

## B.    Board of Law Library Trustees and Individual Defendants' Motion to Dismiss

The court now turns to Plaintiff's allegations against the Library Defendants.  As a threshold matter, the court has reviewed Plaintiff's "Petition for Administrative Mandamus; Complaint for Damages" (Dkt. No. 1) in its entirety to determine whether the pleading is consistent with Rule 8.  The court finds that it is not.

Taking Plaintiff's federal claims first, Plaintiff presents her Second Cause of Action as a claim for "Violation of Constitutional Rights Title 42 Section 1983 Retaliation for Exercise of First and Fourteenth Amendment Right to Petition Government for Redress of Grievance."  See Compl. at 15.  The Complaint then provides, "This cause of action arises under the Fifth and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42. U.S.C. §1983, and parallel provisions of the California Constitution and remedial law."  Id. at ¶ 37.  It is unclear exactly which constitutional and/or statutory provisions Plaintiff seeks to invoke by way of this claim.  Plaintiff's factual allegations offer little additional guidance, as such allegations are limited to vague and confusing assertions that "Defendants' actions were motivated by improper motives," and "Defendants violated Petitioner's rights under the equal protection rights by singling her out to singled out Plaintiff in furtherance of their plan of retaliation against her…"  Id. at ¶¶ 38, 42. Nevertheless, the court will endeavor to briefly address Plaintiff's underlying claims to the extent such claims discernable.

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    As a general matter, "Section 1983 provides a cause of action for the 'deprivation of any

2    rights, privileges, or immunities secured by the Constitution and laws of the United States.'"

3    Buckley v. City of Redding, Cal., 66 F.3d 188, 190 (9th Cir. 1995) (quoting Wilder v. Virginia

4    Hosp. Ass'n, 496 U.S. 498, 508 (1990); see also 42 U.S.C. § 1983. Section 1983 "is not itself a

5    source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

6    conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations omitted).  Thus, to

7    prevail in a 1983 civil action, (1) the conduct complained of must have deprived the plaintiff of a

8    constitutional or legally protected right or privilege, and (2) the defendant must have committed

9    the act under color of state law.  Thornton v. City of St. Helens, 425 F.3d 1158, 1163–64 (9th Cir.

10   2005); Shorter v. Baca, 101 F. Supp. 3d 876, 889 (C.D. Cal. 2015).  As the court understands it,

11   Plaintiff has attempted to assert claims for violation of two general constitutional rights: equal

12   protection and due process.

### i.   Due Process

14   The Fourteenth Amendment protects individuals against the deprivation of liberty or

15   property by the government without due process.  Portman v. Cty. of Santa Clara, 995 F.2d 898,

16   904 (9th Cir. 1993); Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  To state a claim for

17   relief under section 1983 based on procedural due process, a plaintiff must establish three

18   elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the

19   interest by the government; [and] (3) lack of process."  Portman, 995 F.2d at 904.  A substantive

20   property right is determined by reference to state law; it does not arise from the due process

21   clause.  Id. "A liberty interest may arise from either of two sources: the due process clause itself or

22   state law."  Shorter, 101 F. Supp. 3d at 891 (quoting Carver v. Lehman, 558 F.3d 869, 872 (9th

23   Cir.2009)).

24   Plaintiff fails to identify a valid liberty or property interest at stake.  Plaintiff alleges that

25   she was deprived of her after-hours access to the Law Library, but cites no authority for the

26   proposition that a temporary suspension of one's after-hours access to a library is a

27   constitutionally protected liberty or property interest.  The few courts that have addressed this

United States District Court
Northern District of California

28

8

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    issue suggest that while a suspension of *all library privileges* for a prolonged period may implicate

2    a liberty interest under the Fourteenth Amendment, "de minimus interruption[s] of plaintiff's

3    otherwise unrestricted access to the Library simply does not implicate a cognizable liberty

4    interest."  Grigsby v. City of Oakland, No. C 01-0010 MMC, 2002 WL 1298759, at *3 (N.D. Cal.

5    2002) (citing Wayfield v. Town of Tisbury, 925 F. Supp. 880, 882, 885 (D. Mass. 1996), which

6    had recognized circumstance where library privileges could implicate constitutional liberty rights).

7    Here, Plaintiff's regular daytime access to the Library remains unaffected, allowing her to exercise

8    library privileges during normal business hours like most other Library patrons.  The suspension

9    of Plaintiff's special, after-hours access to the Library does not implicate a protected interest.

10        Moreover, even if after-hours library access were a protected interest, Plaintiff also fails to

11    establish that she was deprived of that interest without process.  As expressly acknowledged in the

12    Complaint itself, Plaintiff sought to appeal the suspension of her after-hours access to the Trustee

13    Board, attended a Board Meeting on April 19, 2016 for this purposes, and was provided with a

14    written decision denying her appeal by mail on June 4, 2016.  See Compl. at ¶¶ 22-31.  Plaintiff

15    also could have filed a further appeal of the administrative decision in superior court within 20

16    days of her appeal being denied by the Trustee Board.  Cal. Gov't Code § 53069.4(b)(1).  So far as

17    this court is aware, Plaintiff did not elect to pursue such an appeal within the required timeframe.

18        To the extent Plaintiff also attempts to allege a substantive due process claim, this claim

19    also fails.  Substantive due process "forbids the government from depriving a person of life,

20    liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights

21    implicit in the concept of ordered liberty.'"  Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009)

22    (quoting Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998)).  "[O]nly the most

23    egregious official conduct can be said to be arbitrary in a constitutional sense."  Brittain v.

24    Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833,

25    846 (1998).  Such "egregious" conduct is that which is "intended to injure in some way

26    unjustifiable by any government interest."  Id.  Here, the Library's revocation of Plaintiff's after-

27    hours access does not amount to such conduct.

28

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### ii.    Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a viable Equal Protection claim under Section 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). In order to establish that a defendant's conduct amounts to "intentional discrimination," a plaintiff must show that the defendant "acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Where the defendant's conduct does not implicate a fundamental right or a suspect classification, the Supreme Court has recognized that a plaintiff can establish a "class of one" equal protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923) and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989)).

Here, Plaintiff repeatedly states that the Library Defendants arbitrarily "signed her out" when they suspended her after-hours access to the Library. See Compl. at ¶¶ 17, 26-28, 31, 35, 42, 46, 51-52. Plaintiff alleges that "Defendants, acting in concert, singled out Plaintiff by invidiously discriminating against her, treated Plaintiff adversely compared to others similarly situated due solely to an illegitimate animus against Plaintiff." Id. at ¶ 52. However, Plaintiff neither identifies the similarly situated class from which she was treated differently with any additional specificity, nor clarifies what "illegitimate animus" the Defendants purportedly harbored against her when they suspended her after-hours access to the Library. See Compl. at ¶¶ 26-31, 42-52.

10

1   These allegations are insufficient to state a claim for violation of the Equal Protection

2   Clause.  Courts have repeatedly explained that "[a] pleading that offers 'labels and conclusions' or

3   'a formulaic recitation of the elements of cause of action will not do.'"  Iqbal, 556 U.S. at 678

4   (quoting Twombly, 550 U.S. at 555, 557).  "'[N]aked assertions' devoid of 'further factual

5   enhancements'" are similarly insufficient.  Id.  "The plaintiff must allege with at least some degree

6   of particularity overt acts which defendants engaged in that support the plaintiff's claim."  Jones v.

7   Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations omitted).  Although

8   the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff

9   appearing pro se, a complaint must still provide fair notice of the claims and must allege enough

10  facts to state the elements of each claim plainly and succinctly.  Id.; Fed. R. Civ. P. 8(a)(2).

11  Plaintiff has failed to meet this standard, even under a liberal reading of the Complaint.  See

12  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); McHenry v. Renne, 84 F.3d

13  1172, 1180 (9th Cir. 1996).  Accordingly, the Library Defendant's Motion to Dismiss under Rule

14  12(b)(6) (Dkt. No. 29) is GRANTED as to each of Plaintiff's claims.

15         **iii.   Plaintiff's Remaining State Law Claims**

16  The jurisdiction of federal courts is limited to cases involving federal questions or between

17  parties that are citizens of different states.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S.

18  446 (2005).  A district court may decline to exercise supplemental jurisdiction over related state

19  law claims if all of the claims over which it has original jurisdiction have been dismissed.

20  28 U.S.C. § 1367(c)(3).

21  Plaintiff's Complaint alleges or makes references to causes of action arising under the

22  California Constitution and a variety of other state statutory laws.  However, because Plaintiff's

23  federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over

24  the state law causes of action at this time.

25  **IV.   ORDER**

26  Based on the foregoing, both motions to dismiss (Dkt. Nos. 19, 29) are GRANTED. All

27  claims against the County are dismissed WITHOUT LEAVE TO AMEND. See Krainski, 616 F.3d

28

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   at 972 <u>Hartmann</u>, 707 F.3d at 1129-30.  All claims against the Library Defendants are dismissed

2   WITH LEAVE TO AMEND.

3          Any amended complaint must be filed on or before **April 14, 2017**, and must be consistent

4   with the discussion above.  Plaintiff is advised that the court may dismiss this action without

5   further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended

6   complaint is not filed by the designated deadline.

7          **IT IS SO ORDERED.**

8   Dated: March 20, 2017

9   

10  EDWARD J. DAVILA
    United States District Judge

United States District Court
Northern District of California

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS