United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTOINETTE JARDINE-BYRNE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>Defendants. | Case No. 5:16-cv-03253-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE**<br><br>Re: Dkt. No. 55 |

## I. INTRODUCTION

Antoinette Jardine Byrne ("Plaintiff") brings this action against the County of Santa Cruz Board of Law Library Trustees, and individual library employees Renee Fleming ("Fleming") and Julia Hill, Esq. ("Hill"), alleging various violations of her federal and state constitutional rights arising from the suspension of her after-hours access to the Santa Cruz County Law Library. Plaintiff asserts nine causes of action that she identifies as follows: "Petition for Writ of Mandate, C.C.P. §1085"; a second claim for "Petition for Writ of Mandate, C.C.P. §1085"; "Administrative Mandamus C.C.P. [§]1094.5"; two claims for "Violation of Civil Rights, 42 U.S.C. §1983"; "Violation of Equal Protection under 14th Amendment"; "Violation of Due Process (California Constitution Article 1, §7)"; violation of the Brown Act; and violation of California Govt. Code Section 815.6. Presently before the Court is Defendants' motion to dismiss the First Amended Complaint ("FAC"). The Court finds it appropriate to take the motion under submission for

1

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

1   decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing

2   scheduled for November 30, 2017, is VACATED.  Based upon all pleadings filed to date,

3   Defendants' motion to dismiss is granted.

## II.  BACKGROUND

Plaintiff is a resident of Santa Cruz County who had been granted after-hours access to the Santa Cruz County Law Library (the "Library") since 2007.  However, Plaintiff's after-hours access was suspended on March 21, 2016 as a result of events that occurred on the evening of March 17, 2016.  On that evening, Plaintiff brought a personal "office equipment" – a scanner – into the Library.  FAC at ¶16.  Plaintiff alleges that an off-duty "alarm security guard" helped her "with her office equipment to her vehicle."  Id. at ¶17.  Fleming thereafter allegedly accused Plaintiff of "abuse" of the security service and suspended Plaintiff's after-hours access because Plaintiff had "broken library rules" by using a scanner in the Library.  Id. at ¶¶16, 20-21; see also Plaintiff's Complaint at ¶¶4, 10, 16.  Although Plaintiff acknowledges she brought a scanner into the Library, she denies using the scanner in the Library.

Plaintiff alleges that she did not receive notice or an agenda for Board meetings and that she "happened upon a meeting of Defendants."  Id. at ¶¶23-24.[1]  At the meeting, Fleming allegedly had no witness or documentation to support her allegations against Plaintiff.  Id. at ¶27.  Plaintiff further alleges that she told the Defendants that she had not received notice, a hearing, or an appeal hearing.  Id.[2]

## III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

---

[1] In her original complaint, Plaintiff alleged that she appeared at a Board meeting on April 29, 2016 to contest the suspension of her after-hours library privileges.  Complaint at ¶¶24-26, 31, 33, 34, 40.
[2] In her original complaint, Plaintiff alleged that the Board denied Plaintiff's appeal and informed Plaintiff of the decision by mail on June 4, 2016.  Complaint at ¶31.

2
Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court generally does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).[3]

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be

---

[3] Plaintiff's request for judicial notice is granted as to Exhibit E (which Plaintiff describes as the Santa Cruz County Law Library Agenda for the April 19, 2016 Board meeting) because this document is referred to in Plaintiff's original and amended complaints. See Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1159-1160 (9th Cir. 2012). Plaintiff's request for judicial notice is denied in all other respects because the remaining documents either contain matters outside the pleadings that are subject to dispute, are irrelevant, or are otherwise not the proper subject of judicial notice.

dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## IV. DISCUSSION

### A. Federal Claims

Plaintiff asserts federal claims for civil rights violations. In the fourth cause of action, Plaintiff alleges that "[t]his cause of action arises under the Fifth through Fourteenth Amendments to the United States Constitution and is brought pursuant to 42. U.S.C. §1983." FAC at ¶ 48. In particular, Plaintiff alleges that she was denied her constitutional right to due process and equal protection. Id. Plaintiff also references the Sixth Amendment to the United States Constitution. Id. at ¶50. In the fifth cause of action, Plaintiff alleges that "[t]his cause of action arises under the Fifth and Fourteenth Amendments to the United States Constitution" and makes reference to procedural and substantive due process rights and equal protection rights. Id. at ¶¶58-70. The sixth cause of action is entitled "Violation of Equal Protection under 14th Amendment." Id. at p.28.

As a general matter, "Section 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.'" Buckley v. City of Redding, Cal., 66 F.3d 188, 190 (9th Cir. 1995) (quoting Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990); see also 42 U.S.C. §1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations omitted). Thus, to prevail in a 1983 civil action, (1) the conduct complained of must have deprived the plaintiff of a constitutional or legally protected right or privilege, and (2) the defendant must have committed the act under color of state law. Thornton v. City of St. Helens, 425 F.3d 1158, 1163–64 (9th Cir. 2005); Shorter v. Baca, 101 F. Supp. 3d 876, 889 (C.D. Cal. 2015).

4

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

Due Process

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. Portman v. Cty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993); Board of Regents v. Roth, 408 U.S. 564, 569 (1972). To state a claim for relief under Section 1983 based on procedural due process, a plaintiff must establish three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Portman, 995 F.2d at 904. A substantive property right is determined by reference to state law; it does not arise from the due process clause. Id. "A liberty interest may arise from either of two sources: the due process clause itself or state law." Shorter, 101 F. Supp. 3d at 891 (quoting Carver v. Lehman, 558 F.3d 869, 872 (9th Cir.2009)).

Plaintiff's amended complaint contains the same fundamental allegation as her original complaint: that she was deprived of her after-hours access to the Law Library. In dismissing her original complaint, the Court noted that Plaintiff had not cited to any authority establishing that a temporary suspension of one's after-hours access to a library is a constitutionally protected liberty or property interest. Further, the Court noted that the few courts that have addressed this issue suggest that while a suspension of *all library privileges* for a prolonged period may implicate a liberty interest under the Fourteenth Amendment, "de minimus interruption[s] of plaintiff's otherwise unrestricted access to the Library simply does not implicate a cognizable liberty interest." Grigsby v. City of Oakland, No. C 01-0010 MMC, 2002 WL 1298759, at *3 (N.D. Cal. June 10, 2002) (citing Wayfield v. Town of Tisbury, 925 F. Supp. 880, 882, 885 (D. Mass. 1996), which had recognized circumstance where library privileges could implicate constitutional liberty rights).

Plaintiff does not deny that her regular daytime access to the Library remains unaffected, allowing her to exercise library privileges during normal business hours like most other Library patrons. Instead, Plaintiff alleges in her amended complaint that she cannot use the Library during

5

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

normal business hours and that evening use is her only viable option. These newly added allegations, however, do not save her claim because they are wholly conclusory and because Defendants are not the cause of Plaintiff's inability to use the Library during normal business hours.

Moreover, even if Plaintiff's inability to access the Library during the evening hours could be considered a deprivation of a constitutionally protected interest, Plaintiff fails to adequately allege that she was deprived of that interest without process. Instead, Plaintiff's original complaint indicates that Plaintiff was provided due process. Plaintiff sought to appeal the suspension of her after-hours access to the Trustee Board, attended a Board Meeting on April 19, 2016, and was provided with a written decision denying her appeal by mail on June 4, 2016. See Compl. at ¶¶ 22-31. Although Plaintiff alleged she did not receive "notice nor agenda" of the Board meeting held on April 29, 2016, Plaintiff appeared at the meeting to contest the suspension of her after after-hours library privileges. See id. at ¶¶ 24, 25, 26, 31, 33, 34, 40. The Board denied Plaintiff's appeal and informed Plaintiff of the decision by mail on June 4, 2016. Id. at ¶ 31.

Plaintiff inexplicably does not restate the allegations above in her amended complaint. Plaintiff's new allegations, however, are consistent with her original allegations and establish that Plaintiff attended a board meeting. See FAC at ¶¶24-28. Plaintiff alleges that she "happened upon a meeting of Defendants." Id. at ¶24. Plaintiff alleges she saw Fleming distributing copies of the agenda to Board members. Id. at ¶26. Plaintiff's amended complaint also makes clear that Plaintiff had an opportunity to present her arguments to the Board members. Id. at ¶28. Furthermore, Plaintiff could have filed an appeal of the administrative decision in superior court within 20 days of her appeal being denied by the Trustee Board. Cal. Gov't Code § 53069.4(b)(1). So far as this Court is aware, Plaintiff did not elect to pursue such an appeal within the required timeframe. Plaintiff's procedural due process claim is accordingly dismissed.

6
Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

Plaintiff's substantive due process claim also fails. Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009) (quoting Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998)). "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Such "egregious" conduct is that which is "intended to injure in some way unjustifiable by any government interest." Id. In the present case, the Library's revocation of Plaintiff's after-hours access does not amount to such egregious conduct. Plaintiff's substantive due process claim is accordingly dismissed.

Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a viable Equal Protection claim under Section 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). In order to establish that a defendant's conduct amounts to "intentional discrimination," a plaintiff must show that the defendant "acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Where the defendant's conduct does not implicate a fundamental right or a suspect classification, the Supreme Court has recognized that a plaintiff can establish a "class of one" equal protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citing Sioux

7

Case No.: 5:16-cv-03253-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING TRIAL SETTING CONFERENCE

City Bridge Co. v. Dakota County, 260 U.S. 441 (1923) and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989)). "Class-of-one plaintiffs 'must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" Warkentine v. Soria, 152 F.Supp.3d 1269, 1294 (E.D. Cal. 2016) (citing Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d. Cir. 2006)). To be considered similarly situated, the plaintiff and her "comparators must be prima facie identical in all relevant respects or directly comparable in all material respects." Pinkston v. Moore, No.15-270 PA, 2017 WL 2772107, at *7 (C.D. Cal. March 15, 2017) (quoting Warkentine, 152 F.Supp.3d at 1294).

In the present case, Plaintiff characterizes her claims as a "class of one" equal protection claim and claims she was singled out and treated differently. Plaintiff alleges that for years Library patrons have been allowed to bring in different types of office equipment without being deprived of their library privileges. Plaintiff also alleges that Defendants "acted arbitrary, capricious and irrational, unequal treatment of [Plaintiff], singling her out with ill-will, from those similarly situated." FAC at ¶74. These allegations, however, are conclusory and fail to establish that the other Library patrons were identical in all relevant respects to Plaintiff or directly comparable in all material respects. Courts have repeatedly explained that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). "'[N]aked assertions' devoid of 'further factual enhancements'" are similarly insufficient. Id. Plaintiff's equal protection claim is accordingly dismissed.

### Sixth Amendment: Confrontation Clause

Plaintiff alleges that she was denied her right "to confront her accuser, cross-exam witness, opportunity to present evidence, opportunity to oral presentation and other rights [Plaintiff] is entitled to." FAC at ¶50. The confrontation clause embodied in the Sixth Amendment to the United States Constitution applies only to criminal prosecutions. Because suspension of after-hours Library privileges is not a criminal matter, the confrontation clause is inapplicable.

#### Void for Vagueness Doctrine

Plaintiff alleges that the Library policy she is accused of violating is vague and failed to provide her with notice of the allegedly prohibited conduct. The void for vagueness doctrine, however, is applicable to penal statutes. See e.g. Gilmore v. Gonzales, 435 F.3d 1125, 1135 (9th Cir. 2006) (void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness). The alleged Library policy at issue in this case does not impose any criminal sanctions or threats of prosecution on those who do not comply. Therefore, the void for vagueness doctrine is inapplicable to Plaintiff's suit.

### B. Remaining State Laws Claims

Plaintiff's First Amended Complaint alleges or makes references to causes of action arising under the California Constitution and a variety of other state statutory laws. The jurisdiction of federal courts is limited to cases involving federal questions or between parties that are citizens of different states. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). A district court may decline to exercise supplemental jurisdiction over related state law claims if all of the claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003). Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the state law causes of action at this time.

### V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is GRANTED. Because it appears "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief," Plaintiff's federal claims set forth in the fourth through sixth causes of action are DISMISSED with prejudice. See Haines v. Kerner, 404 U.S. 519, 521 (1972).

//

//

The state law claims are dismissed without prejudice. The trial setting conference is VACATED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2017

_____
EDWARD J. DAVILA
United States District Judge